UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO STATE UNIVERSITY MEN'S ROWING CLUB, <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA STATE UNIVERSITY, SACRAMENTO, and DOES 1 – 50, inclusive, <br><br> Defendants. | No. 2:13-cv-00366-MCE-EFB <br><br> **MEMORANDUM AND ORDER** |

Sacramento State University Men's Rowing Club ("Plaintiff") has filed suit seeking a declaration that California State University, Sacramento ("Defendant") denied Plaintiff procedural due process by suspending Plaintiff without notice and an opportunity to be heard. Defendant has now filed a Motion to Dismiss on the grounds that Plaintiff cannot establish a protected property interest and that therefore any procedural due process claim necessarily fails. For the reasons stated below, Defendant's Motion to Dismiss for failure to state a viable claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted; however, Plaintiff will be granted leave to amend.[1]

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

## BACKGROUND

The instant action arises from Defendant suspending Plaintiff from December 13, 2012, to February 23, 2013.  Plaintiff is a student organization at Sacramento State University and is considered a Tier 1 club.  As a Tier 1 club, only students are permitted to participate in training and competition.  Plaintiff alleges that when less than 4 or 8 members of the current rowing team are available to fill a boat, "it has been the custom and practice at CSUS" for a rowing team alumni or coach to occupy the remaining seats. Pl.'s Compl. ¶ 12 (ECF No. 1).

On December 11, 2012, a rowing alumni and the assistant coach rowed in Plaintiff's traditional Holiday Row.  Id. at ¶ 18.  Thereafter, on December 13, 2012, the Interim Assistant Director of Intramural and Sport Clubs suspended Plaintiff for failing to comply with the Tier 1 club training and competition requirements.  Id. at ¶ 19.  Plaintiff subsequently instituted this action, alleging, inter alia, that "such suspension was imposed without providing notice and an opportunity for a hearing on the facts prior to imposing the suspension in violation of the written Student Conduct Procedures contained in the Policies and Procedures for CSUS."  Id. at ¶ 20.  In response, Defendant has now moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.  Plaintiff concedes Defendant's Motion to Dismiss Plaintiff's claim under 20 U.S.C.A. § 1681 should be dismissed because section 1681 is limited to discrimination based on sex.  Pl.'s Opp'n Mot. Dismiss at 1 (ECF No. 9). Therefore, Defendant's Motion in regard to the section 1681 claim is unopposed and will be granted.  However, Plaintiff's claim regarding a denial of due process remains in dispute.

///
///
///
///

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.

///

If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

Procedural due process applies "only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 569 (1972).  Therefore a necessary prerequisite to any procedural due process is a recognized liberty or property interest.

///

1 California case law has determined that a "student's participation in interscholastic
2 athletics, like any other extracurricular activity, is not protected by the due process
3 guarantee of the federal Constitution." Ryan v. Cal. Interscholastic Fed'n-San Diego
4 Section, 94 Cal.App.4th 1048, 1059-60 (2001). Although participation in extracurricular
5 activities is generally not a protected property right, a property right may nonetheless be
6 created if mandatory rules or disciplinary policy are in effect. Brands v. Sheldon Cmty.
7 Sch., 671 F. Supp. 627, 631 (N.D. Iowa 1987). As noted in Brands, "when a government
8 must follow mandatory laws or regulations which limit its discretion to make a decision in
9 any way or for any reason, those laws or regulations can create a property right which is
10 deprived if those regulations are not followed." Id.

11 In the instant action, Plaintiff must allege a protected liberty or property interest.
12 "A clear majority of courts addressing this question in the context of interscholastic or
13 intercollegiate athletics has found that athletes have no legitimate entitlement to
14 participate." Id. However, Defendant may have created a property right by issuing
15 mandatory regulations or disciplinary policy. Plaintiff's Complaint refers to the Student
16 Organization Handbook 2011-2012, which states that "[a]student organization's
17 recognition may be withdrawn or otherwise suspended by Student Organizations &
18 Leadership following a review of written charges presented to the Assistant Director of
19 Student Organizations & Leadership." Pl.'s Compl. ¶ 24 (ECF No. 1). In addition,
20 Plaintiff alleges that Defendant imposed "the suspension in violation of the written
21 Student Conduct Procedures contained in the Policies and Procedures for CSUS." Id. at
22 ¶ 20. If a review of written charges prior to suspension as specified in the Student
23 Organization Handbook is mandatory, such requirement "can create a property right."
24 Brands, 671 F. Supp. at 631. The same applies if the written Student Conduct
25 Procedures are mandatory or otherwise limit the Student Organizations & Leadership's
26 "discretion to make a decision in any way or for any reason." Id.
27 ///
28 ///

Plaintiff's Complaint as it currently stands, however, does not allege that either the requirements provided in the Student Organization Handbook or in the written Student Conduct Procedures are mandatory, or that mandatory procedures and/or policies prior to suspension were not followed.  Plaintiff has therefore failed to demonstrate a protected property interest such that procedural due process attaches.  As a result, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss (ECF No. 6) is GRANTED and Plaintiff's Complaint is dismissed, with leave to amend.  Plaintiff may file an amended complaint not later than 30 days following the date this Memorandum and Order is filed.  If no such amended complaint is filed with said 30 day period, this action will be dismissed without leave to amend and without further notice to the parties.

IT IS SO ORDERED.

Dated: September 9, 2013

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT