UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---

SACRAMENTO STATE UNIVERSITY MEN'S ROWING CLUB,

    Plaintiff,

    v.

CALIFORNIA STATE UNIVERSITY, SACRAMENTO, and DOES 1 – 50, inclusive,

    Defendants.

No. 2:13-cv-00366-MCE-EFB

**MEMORANDUM AND ORDER**

---

Through the present action, Plaintiff Sacramento State University Men's Rowing Club ("Plaintiff") seeks a declaration that California State University, Sacramento ("Defendant" or "CSUS"), denied Plaintiff procedural due process by suspending Plaintiff without notice and an opportunity to be heard. Defendant has filed a Motion to Dismiss on the grounds that Plaintiff cannot establish a protected property interest and that therefore any procedural due process claim necessarily fails. For the reasons stated below, Defendant's Motion to Dismiss for failure to state a cognizable claim pursuant to Federal Rule of Civil Procedure 12(b)(6), is granted.[1]

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 203(g).

1

# BACKGROUND[2]

The instant action arises from Defendant's suspension of Plaintiff from December 13, 2012, to February 23, 2013. Plaintiff is a student organization at Sacramento State University and is considered a Tier 1 club. As a Tier 1 club, only students are permitted to participate in training and competition. Plaintiff alleges that when less than 4 or 8 members of the current rowing team are available to fill a boat "it has been the custom and practice at CSUS" for a rowing team alumni or coach to occupy the remaining seats.

On December 11, 2012, a rowing alumni and the assistant coach rowed in Plaintiff's traditional Holiday Row. Thereafter, on December 13, 2012, the Interim Assistant Director of Intramural and Sport Clubs suspended Plaintiff for failing to comply with the Tier 1 club training and competition requirements. Plaintiff subsequently instituted this action alleging that the suspension violated the written Student Conduct Procedures contained in the Policies and Procedures for CSUS.

On September 10, 2013, the Court granted Defendant's Motion to Dismiss, finding that Plaintiff had failed to demonstrate the protected property interest necessary to state a viable claim. Order, Sept. 10, 2013, ECF No. 15. Plaintiff was given leave to amend and filed a First Amended Complaint ("FAC") on October 8, 2013. Defendant now moves to dismiss Plaintiff's FAC for failure to state a claim upon which relief can be granted.

# STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.

---

[2] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's First Amended Complaint. ECF No. 16.

1  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires
2  only "a short and plain statement of the claim showing that the pleader is entitled to
3  relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds
4  upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting
5  Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6)
6  motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's
7  obligation to provide the grounds of his entitlement to relief requires more than labels
8  and conclusions, and a formulaic recitation of the elements of a cause of action will not
9  do."  Id. (internal citations and quotations omitted).  A court is not required to accept as
10 true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S.
11 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be
12 enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555
13 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216
14 (3d ed. 2004) (stating that the pleading must contain something more than "a statement
15 of facts that merely creates a suspicion [of] a legally cognizable right of action.")).
16         Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket
17 assertion, of entitlement to relief."  Twombly, 550 U.S. at 556 n.3 (internal citations and
18 quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard
19 to see how a claimant could satisfy the requirements of providing not only 'fair notice' of
20 the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing 5 Charles
21 Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough
22 facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . .
23 have not nudged their claims across the line from conceivable to plausible, their
24 complaint must be dismissed."  Id.  However, "[a] well-pleaded complaint may proceed
25 even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a
26 recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S.
27 232, 236 (1974)).
28 ///

3

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

**ANALYSIS**

Procedural due process applies "only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 569 (1972). Therefore, a necessary prerequisite to any procedural due process claim is a recognized liberty or property interest.

California case law has determined that a "student's participation in interscholastic athletics, like any other extracurricular activity, is not protected by the due process guarantee of the federal Constitution." Ryan v. Cal. Interscholastic Fed'n-San Diego Section, 94 Cal. App. 4th 1048, 1059-60 (2001).

///

///

4

Although participation in extracurricular activities is generally not a protected property right, a property right may nonetheless be created if mandatory rules or disciplinary policies are in effect. Brands v. Sheldon Cmty. Sch., 671 F. Supp. 627, 631 (N.D. Iowa 1987). As noted in Brands, "when a government must follow mandatory laws or regulations which limit its discretion to make a decision in any way or for any reason, those laws or regulations can create a property right which is deprived if those regulations are not followed." Id.

To be entitled to the due process protections of the Fourteenth Amendment, Plaintiff must allege a protected liberty or property interest. As stated in Brands, "a clear majority of courts addressing this question in the context of interscholastic or intercollegiate athletics has found that athletes have no legitimate entitlement to participate." Id. However, it is possible for a defendant to create a property interest by adopting mandatory regulations or policies. Plaintiff's FAC refers to Executive Order 1006, which states that campuses "may establish codes of conduct for student organizations and procedures for sanctions against the organizations. Sanctions may include . . . suspension of recognition for a specified period of time . . . ." FAC, ¶ 11. Plaintiff also relies on a provision from the Student Organization Handbook 2011-2012 which provides that "a student organization's recognition may be withdrawn or otherwise suspended by Student Organization[s] & Leadership following a review of written charges presented to the Assistant Director of Student Organizations & Leadership." Id. at ¶ 13. The language of these provisions is permissive, not mandatory, and Plaintiff fails to provide any relevant policies, regulations, or procedures that would limit in any way the discretion of Defendant in disciplining student organizations such as Plaintiff.[3]

///

---

[3] Compare the language at issue here with that of the policies addressed in Hewitt v. Helms, 459 U.S. 460, 471-72 (1983). In Hewitt, the Court found that prison policies "requiring that certain procedures 'shall,' 'will,' or 'must'" be employed was language of an unmistakably mandatory character, such that the State had created a protected liberty interest. Id. Although the reasoning in Hewitt and its progeny was disavowed in Sandin v. Conner, 515 U.S. 472 (1995), the difference in language relied on by Plaintiff here and the court in Hewitt still demonstrates the permissive nature of Defendant's policies.

5

While Plaintiff cites to several provisions from Executive Order 1006 that contain mandatory language, these provisions are not relevant to the instant action. Plaintiff first refers to a clause stating that campuses "shall establish and publish procedures for formal chartering and recognition of student organizations . . . ." Id. at ¶ 10. However, even if mandatory, this clause applies to Defendant's obligation to draft rules and procedures for the initial chartering and recognition of student organizations, not disciplinary procedures. Plaintiff also cites language from Executive Order 1006 stating that recognition "shall be withdrawn" if an organization engages in discrimination. Opp'n, ECF No. 20 at 2. While this provision does concern discipline, it pertains only to instances in which a student organization has engaged in discrimination. That is not the case here. Significantly, with respect to the disciplinary infraction of hazing, Plaintiff goes on to quote provisions asserting that an organization's recognition "may be withdrawn" should it engage in that activity. Id. This language, however, is discretionary and the only mandatory provision identified by Plaintiff relates to discrimination, which is not an issue in this lawsuit.

Finally, Plaintiff's reliance on California case law as set forth in Andersen v. Regents of University of California, 22 Cal.App.3d 763 (1972), is misguided. Plaintiff cites Andersen for the proposition that in any college disciplinary proceeding, the student is entitled to notice and a hearing. Opp'n at 5. However, Andersen involved disciplinary sanctions taken against a student for misconduct such as forging a professor's signature. Andersen, 22 Cal.App.3d at 768. While the court's analysis in Andersen may demonstrate that students have certain due process rights in the context of disciplinary actions, the same is not true in the context of extracurricular activities. This point was made explicit by the court in Ryan, which held that a "student's participation in interscholastic athletics, like any other extracurricular activity, is not protected by the due process guarantee of the federal Constitution." 94 Cal. App. 4th at 1059-60.

A court need not grant leave to amend a complaint where to do so would constitute an exercise in futility. Ascon, 866 F.2d at 1160.

This Court already provided Plaintiff a chance to amend its Complaint to demonstrate that mandatory procedures and/or policies drafted by Defendant created a property interest entitled to due process protection under the Fourteenth Amendment.  Plaintiff has again failed to identify any protected property interest to support its claim.  As a result, Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 17, is GRANTED and Plaintiff's First Amended Complaint is thus DISMISSED without leave to amend.  The Clerk of Court is directed to CLOSE the file.

IT IS SO ORDERED.

Dated:  February 10, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT